## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **BCS SOFTWARE, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**HEWLETT PACKARD ENTERPRISE COMPANY,**<br><br>Defendant | **Case No. 6:20-cv-00724**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BCS Software, LLC ("Plaintiff" or "BCS") hereby asserts the following claims for patent infringement against Hewlett Packard Enterprise Company ("Defendant" or "HPE"), and alleges, on information and belief, as follows:

### THE PARTIES

1.      BCS Software, LLC is a limited liability company organized and existing under the laws of the Texas with its principal place of business in Austin, Texas.

2.      On information and belief, HPE is a corporation organized and existing under the laws of Delaware, with a regular and established place of business located at 14231 Tandem Boulevard, Austin, Texas 78728. HPE may be served through its designated agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant has committed acts of infringement in this judicial district.

5.      On information and belief, Defendant has a regular and established place of business in this judicial district at 14231 Tandam Blvd, Austin, Texas 78728.

6.      On information and belief, the Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Western District of Texas.

8.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b).

## U.S. PATENT NO. 7,890,809

9.      BCS is the owner, by assignment, of U.S. Patent No. 7,890,809 ("the '809 Patent"), entitled HIGH LEVEL OPERATIONAL SUPPORT SYSTEM, which issued on February 15, 2011.  A copy of the '809 Patent is attached as **Exhibit PX-809**.

10.     The '809 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.     The '809 Patent was invented by Messrs. Blaine Nye and David Sze Hong.

12.     The priority date for the '809 Patent is at least May 1, 2003.

13.     The expiration date of the '809 Patent is August 21, 2023.

14.     The '809 Patent has been referenced by 18 United States Patents, United States Patent Applications and foreign patents.

15.     The '809 Patent was examined by United States Patent Examiner Joshua Lohn.

During the examination of the '809 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 714/38, 714/47, 719/320.

16.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 6,748,555 to Teegan et al as one of the most relevant prior art references found during the search.

17.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 6,862,698 to Shyu as one of the most relevant prior art references found during the search.

18.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 7,003,560 to Mullen et al as one of the most relevant prior art references found during the search.

19.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 7,100,195 to Underwood as one of the most relevant prior art references found during the search.

20.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2003/0037288 by Harper et al as one of the most relevant prior art references found during the search.

21.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2003/0204791 by Helgren et al as one of the most relevant prior art references found during the search.

22.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2004/0073566 by Trivedi as one of the most relevant prior art references found during the search.

23.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2004/0088401 by Tripathi et al as one of the most relevant prior art references found during the search.

24.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2005/0044535 by Coppert as one of the most relevant prior art references found during the search.

25.     After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 6,748,555 by Shyu as one of the most relevant prior art references found during the search.

26.     The '809 Patent relates to:

A high level Operational Support System (OSS) framework provides the infrastructure and analytical system to enable all applications and systems to be managed dynamically at runtime regardless of platform or programming technology. Applications are automatically discovered and managed. Java applications have the additional advantage of auto-inspection (through reflection) to determine their manageability. Resources belonging to application instances are associated and managed with that application instance. This provides operators the ability to not only manage an application, but its distributed components as well. They are presented as belonging to a single application instance node that can be monitored, analyzed, and managed. The OSS framework provides the platform-

independent infrastructure that heterogeneous applications require to be monitored, controlled, analyzed and managed at runtime. New and legacy applications written in C++ or Java are viewed and manipulated identically with zero coupling between the applications themselves and the tools that scrutinize them.

'809 Patent (Abstract).



*Id.* (Figure 1).

27.    The field of the invention is to improvements in "wireless communication carriers. More particularly, it relates to operational support system (OSS), application/systems management, and network management." *Id.*, col. 1:17-20.

28.    As disclosed in the '809 Patent, "[m]any network management technologies exist that allow operators to manage applications and devices at runtime. For instance, SNMP, TL1 and JMX each attempt to provide operators with the ability to manipulate and affect change at runtime." *Id.*, col. 1:22-26.

29.    As disclosed in the '809 Patent, "[t]he fundamental of each is similar. It is to manipulate the objects of an application through messaging." *Id.*, col. 1:26-27.

30.    As disclosed in the '809 Patent, "SNMP is the standard basic management service for networks that operate in TCP/IP environments. It is intended primarily to operate well-defined devices easily and does so quite successfully. However, it is limited to the querying and updating of variables." *Id.*, col. 1:28-32.

31.    As disclosed in the '809 Patent, "Transaction Language 1 (TL1) is a set of ASCII-based instructions, or 'messages,' that an operations support system (OSS) uses to manage a network element (NE) and its resources. *Id.*, col. 1:32-35.

32.    As disclosed in the '809 Patent, "JMX is a Java centric technology that permits the total management of objects: not only the manipulation of fields, but also the execution of object operations. It is designed to take advantage of the Java language to allow for the discovery and manipulation of new or legacy applications or devices." *Id.*, col. 1:35-40.

33.    As disclosed in the '809 Patent, "Operational Support for enterprise applications is currently realized using a variety of technologies and distinct, separate services. For

instance, network management protocols (SNMP, JMX, TL1, etc.) provide runtime configuration and some provide operation invocation, but these technologies are not necessarily geared toward applications." *Id.*, col. 1:40-45.

34.   As disclosed in the '809 Patent, "[s]ome are language specific (e.g., JMX) and require language agnostic bridging mechanisms that must be implemented, configured and maintained. SNMP is generic (e.g., TL1 and SNMP) and very simple in nature, but it requires application developers to implement solutions to common OSS tasks on top of SNMP. *Id.*, col. 1:46-51.

35.   As disclosed in the '809 Patent, "TL1 is also ASCII based and generic. However, while it is very flexible and powerful, it is another language that must be mastered, and it's nature is command line based. As a result, it is not intuitively based in presentation layer tools. While all the technologies have their respective benefits, they do not provide direct means of providing higher level OSS functionality. Conventionally, applications are monitored, analyzed and managed at runtime." *Id.*, col. 1:52-59.

36.   As disclosed in the '809 Patent, one or more claims "provid[e] a high level operational support system framework comprises monitoring a health of a plurality of applications. The health of the plurality of applications is assessed, and the health of the plurality of applications is analyzed, whereby each of the plurality of applications are managed dynamically at runtime regardless of a platform of each of the plurality of applications." *Id.*, col. 1:64–2:3.

37.   Consequently, the '809 Patent improves the computer functionality itself and represents a technological improvement to the operation of computers.

### U.S. PATENT NO. 7,302,612

38.     BCS is the owner, by assignment, of U.S. Patent No. 7,302,612 ("the '612 Patent"),

entitled HIGH LEVEL OPERATIONAL SUPPORT SYSTEM, which issued on November

27, 2007.  A copy of the '809 Patent is attached as **Exhibit PX-612**.

39.     The '612 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

### U.S. PATENT NO. 7,533,301

40.     BCS is the owner, by assignment, of U.S. Patent No. 7,533,301 ("the '301 Patent"),

entitled HIGH LEVEL OPERATIONAL SUPPORT SYSTEM, which issued on May 12,

2009.  A copy of the '809 Patent is attached as **Exhibit PX-301**.

41.     The '301 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

### NOTICE OF BCS' PATENTS

42.     Plaintiff is the owner, by assignment, of U.S. Patent No. 6,240,421 (the "'421

Patent"), entitled "System, software and apparatus for organizing, storing and retrieving

information from a computer database," which issued on May 29, 2001.  A copy of the

'421               Patent               is               available               at

https://patents.google.com/patent/US6240421B1/en?oq=6240421.

43.     Plaintiff is the owner, by assignment, of U.S. Patent No. 6,421,821 (the "'821

Patent"), entitled "Flow chart-based programming method and system for object-oriented

languages," which issued on July 16, 2002.  A copy of the '821 Patent is available at

https://patents.google.com/patent/US6421821B1/en?oq=6421821.

44.   Plaintiff is the owner, by assignment, of U.S. Patent No. 6,438,535 (the "'535 Patent"), entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair and to maintain product and system units," which issued on August 20, 2002.  A copy of the '535 Patent is available at https://patents.google.com/patent/US6438535B1/en?oq=6438535.

45.   Plaintiff is the owner, by assignment, of U.S. Patent No. 6,658,377 (the "'377 Patent"), entitled "Method and system for text analysis based on the tagging, processing, and/or reformatting of the input text," which issued on December 2, 2003.  A copy of the '377 Patent is available at https://patents.google.com/patent/US6658377B1/en?oq=6658377.

46.   Plaintiff is the owner, by assignment, of U.S. Patent No. 6,662,179 (the "'179 Patent"), entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair and to maintain product and system units," which issued on December 9, 2003.  A copy of the '179 Patent is available at https://patents.google.com/patent/US6662179B2/en?oq=6662179.

47.   Plaintiff is the owner, by assignment, of U.S. Patent No. 6,895,502 (the "'502 Patent"), entitled "Method and system for securely displaying and confirming request to perform operation on host computer," which issued on May 17, 2005.  A copy of the '502 Patent is available at https://patents.google.com/patent/US6895502B1/en?oq=6895502.

48.   Plaintiff is the owner, by assignment, of U.S. Patent No. 7,200,760 (the "'760 Patent"), entitled "System for persistently encrypting critical software data to control the operation of an executable software program," which issued on April 3, 2007.  A copy of

the           '760           Patent           is           available           at
https://patents.google.com/patent/US7200760B2/en?oq=7200760.

49.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,730,129 (the "'129 Patent"), entitled "Collaborative communication platforms," which issued on June 1, 2010.    A    copy    of    the    '129    Patent    is    available    at https://patents.google.com/patent/US7730129B2/en?oq=7730129.

50.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,774,296 (the "'296 Patent"), entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair and to maintain product and system units," which issued on August 10, 2010.  A copy of the '296 Patent is available at https://patents.google.com/patent/US7774296B2/en?oq=7774296.

51.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,840.893 (the "'893 Patent"), entitled "Display and manipulation of web page-based search results," which issued  on  November  23,  2010.    A  copy  of  the  '893  Patent  is  available  at https://patents.google.com/patent/US7840893B2/en?oq=7840893.

52.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,895,282 (the "'282 Patent"), entitled "Internal electronic mail system and method for the same," which issued  on  February  22,  2011.    A  copy  of  the  '282  Patent  is  available  at https://patents.google.com/patent/US7895282B1/en?oq=7895282.

53.    Plaintiff is the owner, by assignment, of U.S. Patent No. 7,996,464 (the "'464 Patent"), entitled "Method and system for providing a user directory," which issued on August    9,    2011.        A    copy    of    the    '464    Patent    is    available    at https://patents.google.com/patent/US7996464B1/en?oq=7996464.

54.   Plaintiff is the owner, by assignment, of U.S. Patent No. 7,996,469 (the "'469 Patent"), entitled "Method and system for sharing files over networks," which issued on August 9, 2011.   A copy of the '469 Patent is available at https://patents.google.com/patent/US7996469B1/en?oq=7996469.

55.   Plaintiff is the owner, by assignment, of U.S. Patent No. 8,171,081 (the "'081 Patent"), entitled "Internal electronic mail within a collaborative communication system," which issued on May 1, 2012.   A copy of the '081 Patent is available at https://patents.google.com/patent/US8171081B1/en?oq=8171081.

56.   Plaintiff is the owner, by assignment, of U.S. Patent No. 8,176,123 (the "'123 Patent"), entitled "Collaborative communication platforms," which issued on May 8, 2012.   A copy of the '123 Patent is available at https://patents.google.com/patent/US8176123B1/en?oq=8176123.

57.   Plaintiff is the owner, by assignment, of U.S. Patent No. 8,285,788 (the "'788 Patent"), entitled "Techniques for sharing files within a collaborative communication system," which issued on October 9, 2012.   A copy of the '788 Patent is available at https://patents.google.com/patent/US8285788B1/en?oq=8285788.

58.   Plaintiff is the owner, by assignment, of U.S. Patent No. 8,554,838 (the "'838 Patent"), entitled "Collaborative communication platforms," which issued on October 8, 2013.   A copy of the '838 Patent is available at https://patents.google.com/patent/US8554838B1/en?oq=8554838.

59.   Plaintiff is the owner, by assignment, of U.S. Patent No. 8,819,120 (the "'120 Patent"), entitled "Method and system for group communications," which issued on

August 26, 2014. A copy of the '120 Patent is available at
https://patents.google.com/patent/US8819120B1/en?oq=8819120.

60. Plaintiff is the owner, by assignment, of U.S. Patent No. 8,984,063 (the "'063
Patent"), entitled "Techniques for providing a user directory for communication within a
communication system," which issued on March 17, 2015. A copy of the '063 Patent is
available at https://patents.google.com/patent/US8984063B1/en?oq=8984063.

61. Plaintiff is the owner, by assignment, of U.S. Patent No. 9,396,456 (the "'456
Patent"), entitled "Method and system for forming groups in collaborative communication
system," which issued on July 19, 2016. A copy of the '456 Patent is available at
https://patents.google.com/patent/US9396456B1/en?oq=9396456.

## DEFENDANT'S PRODUCTS

62. Upon information and belief, Defendant makes, uses, imports, sells, and/or offers
for sale the HPE Intelligent Management Center Enterprise Software Platform (the
"Accused Product"), which is exemplified by the following references:

- "Quick Specs, HP Intelligent Management Center Enterprise Software Platform,"
  *available at* https://be01.cp-static.com/objects/pdf/9/997/926016_1_network-
  management-software-hewlett-packard-enterprise-imc-enterprise-software-
  platform-jg748aae.pdf (last accessed August 2, 2020);

- "HPE IMC Standard 50 Nodes," *available at* https://www.arp.be/en/hpe-imc-
  standard-50-nodes-jg747aae-5005596 (last accessed August 2, 2020);

- "Intelligent Management Software," *available at*
  https://buy.hpe.com/in/en/software/networking-software/intelligent-management-
  software/c/1009931441 (last accessed August 2, 2020);

- "HP Intelligent Management Center," *available at*
  https://www.networkmanagementsoftware.com/wp-content/uploads/figure4.png (last
  accessed August 2, 2020);

- "Network Management Software," *available at* https://www.networkmanagementsoftware.com/hp-intelligent-management-center-imc-review/ (last accessed August 2, 2020).

63.   The information contained in the references identified in paragraph 62 is incorporated by reference as if set forth fully herein.

64.   The information contained in the references identified in paragraph 62 accurately describes the operation and functionality of the Accused Product.

## COUNT I
## (Infringement of U.S. Patent No. 7,890,809)

65.   BCS incorporates paragraphs 1-64 herein by reference.

66.   Defendant has been on notice of the '809 Patent at least as early as the date it received service of this complaint.

67.   Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '809 Patent by making, using, importing, selling, and/or, offering for sale the Accused Product.

68.   Defendant, with knowledge of the '809 Patent, infringes the '809 Patent by inducing others to infringe the '809 Patent. In particular, Defendant intends to induce its customers to infringe the '809 Patent by encouraging its customers to use the Accused Product.

69.   Defendant also induces others, including its customers, to infringe the '809 Patent by providing technical support for the use of the Accused Product.

70.   Upon information and belief, at all times Defendant owns and controls the operation of the Accused Product in accordance with an end user license agreement.

71.   Claim 1 of the '809 Patent recites:

1.    A method of providing a high level support framework, comprising:

monitoring from a physical server a health of a plurality of client applications and a health of said plurality of client applications' distributed components, using a common monitoring protocol, said monitoring being independent of a programming technology of said plurality of client applications and respective distributed components;

assessing said health of said plurality of client applications and said respective distributed components; and

associating said health of said plurality of client applications and said respective distributed components as belonging to a single application node.

72.    With the Accused Product, Defendant provides a high-level operational support system framework.

73.    With the Accused Product, Defendant monitors from a physical server a health of a plurality of client applications and a health of said plurality of client applications' distributed components, using a common monitoring protocol, said monitoring being independent of a programming technology of said plurality of client applications and respective distributed components;

74.    With the Accused Product, Defendant assesses said health of said plurality of client applications and said respective distributed components.

75.    With the Accused Product, Defendant associates said health of said plurality of client applications and said respective distributed components as belonging to a single application node.

76.    BCS has been damaged by Defendant's infringement of the '809 Patent.

## COUNT II
### (Infringement of U.S. Patent No. 7,302,612)

77.    BCS incorporates paragraphs 1-64 herein by reference.

78.     Defendant has been on notice of the '612 Patent at least as early as the date it received service of this complaint.

79.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '612 Patent by making, using, importing, selling, and/or, offering for sale the Accused Product.

80.     Defendant, with knowledge of the '612 Patent, infringes the '612 Patent by inducing others to infringe the '612 Patent. In particular, Defendant intends to induce its customers to infringe the '612 Patent by encouraging its customers to use the Accused Product.

81.     Defendant also induces others, including its customers, to infringe the '612 Patent by providing technical support for the use of the Accused Product.

82.     Upon information and belief, at all times Defendant owns and controls the operation of the Accused Product in accordance with an end user license agreement.

83.     Claim 1 of the '612 Patent recites:

1.     A method of providing a high level operational support system framework, comprising:

monitoring a health of a plurality of applications using a common monitoring protocol, at least two of said plurality of applications being based on different programming technology;

assessing said health of said plurality of applications;

analyzing said health of said plurality of applications; and

providing a common performance management interface to dynamically change a performance related configuration variable of said plurality of applications at runtime regardless of a programming technology of each of said plurality of

applications.

84.     With the Accused Product, Defendant provides a high-level operational support system framework.

85.     With the Accused Product, Defendant monitors a health of a plurality of applications using a common monitoring protocol, at least two of said plurality of applications being based on different programming technology.

86.     With the Accused Product, Defendant assesses said health of said plurality of applications.

87.     With the Accused Product, Defendant analyzes said health of said plurality of applications.

88.     With the Accused Product, Defendant provides a common performance management interface to dynamically change a performance related configuration variable of said plurality of applications at runtime regardless of a programming technology of each of said plurality of applications.

89.     BCS has been damaged by Defendant's infringement of the '612 Patent.

## COUNT III
### (Infringement of U.S. Patent No. 7,533,301)

90.     BCS incorporates paragraphs 1-64 herein by reference.

91.     Defendant has been on notice of the '301 Patent at least as early as the date it received service of this complaint.

92.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '301 Patent by making, using, importing, selling, and/or, offering for sale the Accused Product.

93.     Defendant, with knowledge of the '301 Patent, infringes the '301 Patent by inducing others to infringe the '301 Patent. In particular, Defendant intends to induce its customers to infringe the '301 Patent by encouraging its customers to use the Accused Product.

94.     Defendant also induces others, including its customers, to infringe the '301 Patent by providing technical support for the use of the Accused Product.

95.     Upon information and belief, at all times Defendant owns and controls the operation of the Accused Product in accordance with an end user license agreement.

96.     Claim 1 of the '301 Patent recites:

    1. A method of providing a high level operational support system (OSS) framework, comprising:

    automatically discovering, with a server comprising said OSS framework, a plurality of applications that comply with a predefined framework;

    providing for a high level of management, by said server comprising said OSS framework, of said plurality of applications dynamically at runtime regardless of a platform technology utilized by any particular application from said plurality of applications.

97.     With the Accused Product, Defendant provides a high-level operational support system framework.

98.     With the Accused Product, Defendant automatically discovers, with a server comprising said OSS framework, a plurality of applications that comply with a predefined framework.

99.     With the Accused Product, Defendant provides for a high level of management, by said server comprising said OSS framework, of said plurality of applications dynamically

at runtime regardless of a platform technology utilized by any particular application from said plurality of applications.

100.    BCS has been damaged by Defendant's infringement of the '301 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BCS respectfully requests the Court enter judgment against Defendant:

1.    declaring that the Defendant has infringed the '809, '612, and '301 Patents;

2.    awarding BCS its damages suffered as a result of Defendant's infringement of the '809, '612, and '301 Patents;

3.    awarding BCS its costs, attorneys' fees, expenses, and interest; and

4.    granting BCS such further relief as the Court finds appropriate.

## JURY DEMAND

BCS demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  August 12, 2020                      Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**